# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALEXIS D. CORNETT,**

    **Plaintiff,**

**v.**

    **Civil Action 2:11-cv-00709**
    **Judge James L. Graham**
    **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). This matter is before the Court for consideration of the July 31, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 16.) The Magistrate Judge specifically recommended that the Court affirm the decision of the Commissioner. On August 6, 2012, Plaintiff filed her Objections to the Report and Recommendation. (ECF No. 17.) For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. The decision of the Commissioner is **AFFIRMED**.

Plaintiff filed an application for social security disability insurance benefits, alleging disability since December 9, 2005. The medical record reflects that Plaintiff suffers from fibromyalgia, headaches, and irritable bowel syndrome ("IBS").[1] On July 27, 2010, an

---

[1] The Report and Recommendation provides a detailed overview of the relevant medical records and the administrative hearing testimony. The Court adopts the Magistrate Judge's recitation of the facts by reference. (Report & Recommendation 2-11, ECF No. 16.)

Administrative Law Judge ("ALJ") issued a decision, which ultimately became the Commissioner's final decision, finding that Plaintiff was not disabled during the relevant period.

The ALJ concluded that Plaintiff has the severe impairment of disabling headaches. The ALJ further found that Plaintiff's fibromyalgia was not a severe impairment. The ALJ's other findings included that Plaintiff had the ability to perform a wide range of light work; could not climb ladders, ropes or scaffolds; could not balance; and could not drive as part of her employment. The ALJ emphasized the lack of objective findings in the record that would support Plaintiff's allegations of disabling symptoms. The ALJ also determined that Plaintiff was not entirely credible with regard to her allegations of symptoms more severe than the residual functional capacity ("RFC") reflected.

On July 31, 2012, the Magistrate Judge recommended that the Court affirm the Commissioner's decision. Plaintiff's objections substantially revisit arguments she raised within her initial Statement of Errors.

Pursuant to 28 U.S.C. § 636(b), the Court reviews Plaintiff's Objections to the Report and Recommendation *de novo*. The Court may accept, reject, or alter the Magistrate Judge's recommendation as it sees fit. 28 U.S.C. § 636(b)(1). Within the Social Security context, the Court reviews whether substantial evidence supports the decisions of the Commissioner and whether the Commissioner made its decision pursuant to the applicable standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

Having performed a *de novo* review of the Report and Recommendations, the Court

agrees with, and adopts, the findings and reasoning of the Magistrate Judge.[2] Specifically, the Court finds that, although perhaps none of the four credibility factors upon which the ALJ relied, standing alone, provides substantial support for her credibility determination, the combination of the four factors suffices to substantiate the ALJ's ultimate conclusions.[3]

The Court further finds that substantial evidence supports the ALJ's determination that Plaintiff's fibromyalgia was not a severe impairment. Other than Plaintiff's subjective complaints, the record provides little if any indication that Plaintiff's fibromyalgia limits her ability to work. None of Plaintiff's physicians issued opinions stating that her fibromyalgia diagnosis limited her work abilities. The testimony of both Drs. Bolz and Fischer further supports the ALJ's severe-impairment conclusion.

Finally, the Court finds that even if the ALJ had erred in determining Plaintiff's fibromyalgia was not a severe impairment, any such error would not constitute reversible error. The ALJ went on to assess Plaintiff's RFC and in so doing specifically referenced Plaintiff's fibromyalgia in her analysis.

Accordingly, based on the above, as well as the reasoning within the Report and Recommendation, Plaintiff's Objections (ECF No. 17) are **OVERRULED**, and the Report and Recommendation (ECF No. 16) is **ADOPTED**. The decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

---

[2] The Magistrate Judge considered the issues Plaintiff raises within her Objections. The Court finds it unnecessary to repeat the Magistrate Judge's analysis on these same issues.

[3] In the Report and Recommendation, the Magistrate Judge discusses in depth the four factors that the ALJ relied on in making her credibility determination. (Report & Recommendation 15-19, ECF No. 16.) It is unnecessary to recount that discussion here.

S/ James L. Graham
                                                James L. Graham
                                                UNITED STATES DISTRICT JUDGE
Date: September 7, 2012